IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02059-RM-MJW

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,
Plaintiff/Counterclaim Defendant,

v.

BONBECK PARKER, LLC
BONBECK HL, LLC
Defendant/Counterclaim Plaintiff.

---

### PROTECTIVE ORDER ( Docket no 21-1 )

---

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the FEDERAL RULES OF CIVIL PROCEDURE. Unless modified pursuant to the terms contained in this Order, shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties

20309877.1

producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case, the following Order should issue.

IT IS THEREFORE ORDERED THAT:

5. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

6. Protected Documents shall not include (a) advertising materials, (b) materials that have been published to the general public, (c) materials that have been provided to third parties without a confidentiality agreement and/or protective order, (d) documents that have been produced in other litigation without a confidentiality agreement and/or protective order, or (e) documents that have been submitted to any governmental entity without agreement for confidential treatment. Further, the name and/or title of Protected Documents shall not be entitled to confidential treatment and may be used for identification purposes.

7. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate within seven (7) days of written notice, the party

or parties asserting that the materials should be treated as Protected Documents may seek a ruling from this Court on the matter(s). The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, the Protected Documents in dispute shall no longer be subject to confidential treatment pursuant to the terms of this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of the Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all, or a portion of, a Protected Document is entitled to confidential treatment.

8.   Protected Documents and any information contained therein shall be disclosed only to the following persons provided that any individual provided with Protected Documents is provided a copy of this Order prior to receipt of said documents and agrees to comply with the provisions of this Order:

(a)   parties and counsel of record for the parties, including their associates, legal assistants, paralegals, and other support staff;

(b)   experts retained by Counsel for purposes of serving as consulting or testifying experts in this lawsuit;

(c)   witnesses or potential witnesses whose testimony a party reasonably believes may be offered at trial to prove or disprove a party's claim or defense for the purposes of eliciting, preparing or developing written or oral testimony;

(d)   witnesses being examined in depositions, the court reporters recording their testimony, and any videographers recording the depositions;

(e)   third-parties retained by the parties for discovery and/or preparation for trial who are involved solely in copying, document management, computer imaging, preparation of demonstrative exhibits, organizing, filing, coding,


converting, storing, or retrieving data or designing programs for handling data connected with this action; and

(f) the Court, the mediator, persons employed by the court or mediator, the jury, and the court reporters.

9. Any individual receiving Protected Documents pursuant to subsection (b) above must agree in writing to abide by the provisions of this confidentiality agreement prior to receiving any Protected Documents and be subject to this Court's jurisdiction for purposes of enforcing this Order. The party providing the Protected Documents pursuant to subsection (b) must retain all such written attestations and maintain a list of all Protected Documents provided to said individuals.

10. To the extent that Protected Documents are used in depositions, at hearings, or at trial, such documents shall remain subject to the provisions of this Order.

11. To the extent that a party or parties contend that any portion of any deposition, hearing, or trial transcript contains Confidential Information, the party or parties must, within fourteen (14) days of receiving a copy of said transcript, notify all parties of the specific portions of the transcript to which confidentiality is claimed. Any portions not designated within fourteen (14) days of the date in which the transcript is received shall not be considered confidential.

12. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, such protected documents and information shall be filed under ~~seal~~ [Restricted Access] and maintained under ~~seal~~ [Restricted Access] by the Clerk until further order of this Court. The use of any protected document or of the information contained therein and any in-court testimony associated with the protected information contained therein shall be held in camera if necessary to prevent disclosure

[handwritten margin notes: "What?", "10 -", "Restricted Access — Court rules with D.C.Co. LCivR 7.2"]

to nonparties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. This paragraph shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. Travelers reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Nothing herein shall be construed to prevent the party or parties receiving the Protected Documents from retaining their attorney work product and/or using that attorney work product in other matters provided that any such use complies with the provisions of this Order.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The parties may move to amend this Order upon showing of good cause.

So ORDER this 23rd day of October, 2014.

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

20309877.1

5