IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02059-RM-MJW

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

Plaintiff,

v.

BONBECK PARKER, LLC, and
BONBECK HL, LLC,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendant/Counter Plaintiffs' Motion to Compel Compliance with Rule 26(a)(1)(A)(iv); To Compel Production of Information Redacted in Plaintiff/Counter Defendant's Rule 26(a)(1)(A)(ii); and Request for *In Camera* Inspection (**Docket No. 28**) is DENIED IN PART and GRANTED IN PART, as described herein.

      As to Defendants' request for disclosure of applicable reinsurance agreements, Defendants correctly point out that such documents must be disclosed under Rule 26(a)(1)(A)(iv).  But Plaintiff does not dispute the requirement to disclose; rather, Plaintiff denies that any reinsurance agreements exist that would apply to the judgment in this case.  Defendants find this to be unlikely, but provide no factual support for their intuition.  The request is therefore denied; Defendants' remedy is to move for sanctions should they ever find proof that Plaintiff has lied.

      As to Defendants' request for disclosure of reserve information, Plaintiff misinterprets the holding of *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649 (2012), which was limited to underinsured motorist cases (as distinct from other first-party insurance disputes).  But the Court nonetheless agrees with Plaintiff that Defendants' motion to compel is premature at this stage, because the scope of disclosure under Rule 26(a)(1)(A)(ii) is narrower than the scope of discovery under Rule 26(b).  The request is therefore denied for the time being.

      As to Defendants' request for the Court to review Plaintiff's privilege claims *in camera*, the Court grants the motion.  The redacted documents appear to be printouts from a company database reflecting notes about communications (as opposed to the actual communications themselves).  The parties to this lawsuit have provided the Court

with no information as to the nature of this database or who has access to it. Accordingly:

- Plaintiff is directed to file, within 21 days of the date of this order, a notice describing all individuals or classes of individuals with access to the redacted records—that is, all individuals with access to this database of notations, rather than the underlying communications described therein—along with a brief legal argument, not to exceed five pages, as to why the database records are privileged despite such individuals' access. Defendants shall have 21 days from the date Plaintiff files such notice to respond to Plaintiff's legal argument, and Plaintiff shall have 14 days from the date of Defendants' response to file any reply.

- Plaintiff is further directed to file, also within 21 days of the date of this order, unredacted copies of the pages at issue (bates stamps ending in 480-81, 502, 513, 517, 520-21, and 601), restricted at Level 2 under Local Civil Rule 7.2(b).

Date: January 8, 2015