**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:14-cv-02059-RM-NRN

BONBECK PARKER, LLC; and
BONBECK HL, LLC,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on two remaining issues: (1) the amount of statutory interest owed by Defendant ("Travelers") to Plaintiffs ("Bonbeck"); and (2) whether there are any remaining issues for trial. Upon consideration of the parties' filings on the issues, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

    **I.    BACKGROUND**

    The parties are well-versed with the lengthy background which precedes this Order, so it will only be summarized here. The issue in this case was Travelers' liability for hail damage to Bonbeck's commercial property insured by Travelers. The policy required an appraisal but the parties could not agree on the scope of the appraisal. *Travelers* then filed this lawsuit with two declaratory judgment claims. In summary, the first claim sought declaratory relief as to coverage while the second claim sought declaratory relief concerning the scope of the appraisal. Bonbeck

responded with four counterclaims, with the fourth counterclaim seeking to compel appraisal and a determination of its scope.

Upon cross-motions for partial summary judgment on the issue of whether, under Colorado law, an appraisal of "amount of loss" allowed appraisers to determine the issue of causation, the Court agreed with Bonbeck and found it did. The parties were ordered to complete an appraisal and this case was stayed. The appraisal issue was raised in Travelers' Count II and Bonbeck's Counterclaim IV; the Court's order on this issue undisputedly resolved these two claims.

Thereafter, the parties completed the appraisal process, an award was made, and Travelers paid that award – with no reservations.[1] In 2017, the parties then came back to court to proceed with the remaining claims. A scheduling order was issued and the parties conducted discovery.

On September 7, 2018, Travelers filed a Motion to Re-Designate Parties, requesting Bonbeck be designated as the plaintiff and Travelers be designated as the defendant. (ECF No. 114.) *Travelers* stated it requested this designation because of the following:

> … In the Scheduling Order entered on November 29, 2017, the parties agreed that *Travelers' claims for declaratory relief were resolved* by this Court's prior ruling on the parties' cross motion for summary judgment and appraisal, and the only pending claims are the causes of action for breach of contract, common law bad faith, and statutory bad faith asserted in Bonbeck's counterclaims.
>
> In light of the fact that *the issues raised in Travelers' Complaint for Declaratory Judgment, have been resolved* by this Court's ruling on the parties' cross motions for summary judgment and the appraisal process, *Travelers' Declaratory Judgment is now moot*, and Bonbeck's counterclaims against Travelers remain the only operative causes of action between the parties.

---

[1] The award set forth the amount for replacement cost value and actual cash value; Travelers paid the actual cash value.

(ECF No. 114, ¶¶ 6, 7 (emphasis added).) The Magistrate Judge, to whom the Court had referred the motion for resolution, granted Travelers' motion. (ECF No. 119.)

The parties thereafter filed dispositive motions. Bonbeck had two counts remaining, breach of contract and statutory bad faith.[2] Bonbeck filed a motion for partial summary judgment on its claim for breach of contract while Travelers filed a motion for summary judgment as to both of Bonbeck's claims. In these filings, Travelers did not argue[3] there was no coverage for the hail damage, e.g., that Bonbeck could not establish its breach of contract claim because there was no coverage and, therefore, no failure to perform by Travelers, or raise any affirmative defenses to Bonbeck's breach of contract claim. *See, e.g.,* Colo. Jury Instr., Civil 30:18-30:29 (identifying affirmative defenses); Fed. R. Civ. P. 8(c) (same). Instead, Travelers stated "there was a dispute as to coverage for certain of the claimed damages *to the extent they were not caused* by the subject wind/hail storm and whether that dispute could be resolved by the appraisal process." (ECF No. 139, p. 12 (emphasis added).) After addressing the parties' motions, all of Bonbeck's claims were resolved except for the issue of the amount of statutory interest owed to Bonbeck. In addition, even though it did not recall that Travelers previously stated its Count I was moot, the Court found it appeared this count was moot and directed the parties to address this issue at an upcoming conference.

At the conference, the issue of mootness was raised and Bonbeck reminded the Court that Travelers had affirmatively represented to the court that its counts were moot. The Court allowed the parties to brief the issue, and to advise whether they could reach an agreement on

---

[2] The Court granted Bonbeck's request to dismiss its claim for common law bad faith.
[3] Travelers' assertion that the Court did not address its affirmative defense concerning coverage is disingenuous when Travelers failed to raise such defense for the Court to address.

3

the amount of statutory interest owed on the actual cash value award. The parties have now done so.

## II. DISCUSSION

### A. Statutory Interest

The parties have stipulated the amount of interest accrued on the actual cash value and owed to Bonbeck is $36,142.63.[4] This stipulation is accepted and judgment will be entered on this amount.

### B. No Issues Remains

No issues remain, contrary to Travelers' revisionist interpretation of the record. First, Travelers stated "there was a dispute as to coverage for certain of the claimed damages *to the extent they were not caused* by the subject wind/hail storm and whether that dispute could be resolved by the appraisal process." (Emphasis added.) Of course, the Court found the appraiser could determine causation.[5] And, Travelers paid the amount awarded through the appraisal process without protest, reservation, or other any limitation. *See Pueblo Country Club v. AXA Corp. Solutions Ins. Co.*, No. 05-cv-01296-WYD-MJW, 2007 WL 951790, at *4 (D. Colo. Mar. 28, 2007) ("an insurer must raise or reserve all defenses known to it within a reasonable time or those defenses may be waived or the insurer may be estopped from asserting them"). Such facts show any coverage issue is moot.

Next, after the appraisal was completed, Travelers affirmatively represented to the court the issue of coverage was moot.[6] Discovery has now been completed on the basis that coverage

---

[4] Without waiving any party's appellate rights.
[5] Travelers raises several arguments of why allowing an appraiser to determine causation of damages is improper or incorrect but the Court has already decided that issue and finds no reason to revisit it here.
[6] The fact that Travelers' statement was made in its request for re-designation of the parties does not obviate its binding effect.

4

was not an issue and summary judgment briefing was had and an order was issued without Travelers raising "coverage" as an issue. As Bonbeck argues, Travelers is precluded from arguing otherwise now to the prejudice of Bonbeck. *See, e.g., Pueblo Country Club*, 2007 WL 951790, at *4; *Yates v. American Republics Corp.*, 163 F.2d 178, 180 (10th Cir. 1947) (waiver and estoppel). This is true whether the coverage issue is raised as a claim or couched as an "affirmative defense." Which is another reason why Travelers' argument is rejected.

Travelers argues that even if it did state its declaratory judgment claims are moot, that has no impact on its affirmative defense regarding coverage which mirrored its Count I. However, under the facts and circumstances here, if the issue is moot, it is moot no matter what name Travelers calls it. Moreover, an affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's…claim, even if all the allegations in the complaint are true." Black's Law Dictionary 528 (11th ed. 2019). And, as Bonbeck argues, it has *no* claims remaining as the Court has resolved them all. Thus, even assuming, *arguendo*, Travelers' coverage argument was an affirmative defense, such defense is moot because there is no claim to which such defense can "defeat."[7] At bottom, no coverage issue remains.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**:

(1) That the parties' Stipulation (ECF No. 196) is GRANTED and Bonbeck is awarded $36,142.63 in statutory interest;

(2) That there are no claims or issues remaining in this case as Travelers' alleged coverage defense is barred based on mootness, waiver, and estoppel;

---

[7] Further, if Travelers believed it still had a viable defense, affirmative or otherwise, surely it would – and *should* – have raised it in support of its motion for summary judgment or in opposition to Bonbeck's motion for partial summary judgment on its breach of contract claim.

(3) That the following motions in limine are DENIED AS MOOT: ECF Nos. 189, 190, 191, and 192;

(4) That the Clerk shall enter JUDGMENT in accordance with this Order and with the Order of February 3, 2020 (ECF No. 194);

(5) That no party is awarded costs under Fed. R. Civ. P. 54(d)(1); and

(6) That the Clerk shall close this case.

DATED this 23rd day of April, 2020.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge